IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CHAVEZ EATON, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 19-026-RGA |
| ARCH TELECOM, INC., | : |
| Defendant. | : |

Chavez Eaton, Felton, Delaware. Pro Se Plaintiff.

Katherine Randolph Fry, Esquire, Offit Kurman, P.A., Wilmington, Delaware. Counsel for Defendant.

**MEMORANDUM OPINION**

June 9, 2020
Wilmington, Delaware

/s/ Richard G. Andrews
**ANDREWS, U.S. District Judge:**

Plaintiff Chavez Eaton, who appears *pro se* and proceeds *in forma pauperis*, filed this employment discrimination on January 4, 2019 under Title VII of the Civil Rights Act of 1974, 42 U.S.C. §§ 2000e, *et seq.* (D.I. 2). Before the Court is Defendant's motion to dismiss and Plaintiff's request for counsel. (D. I. 12, 13). On October 11, 2019, the Court entered an order for Plaintiff to respond to the motion to dismiss by a date certain. (D.I. 14). Plaintiff did not file an opposition. On May 18, 2020, the Court entered an order to show cause no later than June 5, 2020, why Plaintiff's complaint should not be dismissed as being barred by the statute of limitations. (D.I. 15). Plaintiff filed no response.

## BACKGROUND

Plaintiff was employed by Defendant. He alleges that discriminatory acts occurred on April 20, 2016 by reason of race, sex, religion and age. (D.I. 2 at 2, 3). Plaintiff's employment was terminated on October 26, 2016. (*Id.* at 2). Plaintiff filed a charge of discrimination with the Delaware Department of Labor and the EEOC on July 14, 2016. (D.I. 2 at 2). The charge of discrimination asserts discrimination by reason of race and religion occurring from April 8, 2016 through July 11, 2016 through adverse employment actions of discipline and harassment. (D.I. 2-1 at 1). The Complaint states that Plaintiff received a right to sue notice January 31, 2018, the day it is dated. (*See* D.I. 2 at 2; D.I. 7). He filed this lawsuit on January 4, 2019. Defendant has filed a motion to dismiss. (D.I. 12).

1

## LEGAL STANDARDS

In reviewing a motion to dismiss filed under Fed. R. Civ. P. 12(b)(6), the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to Plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94. A court may consider the pleadings, public record, orders, exhibits attached to the complaint, and documents incorporated into the complaint by reference. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

A Rule 12(b)(6) motion may be granted only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the complainant, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). "Though 'detailed factual allegations' are not required, a complaint must do more than simply provide 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). I am "not required to credit bald assertions or legal conclusions improperly alleged in the complaint." *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 216 (3d Cir. 2002). A complaint may not be dismissed "for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby*, 574 U.S. 10 (2014).

A complainant must plead facts sufficient to show that a claim has "substantive plausibility." *Id.* at 10. That plausibility must be found on the face of the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the [complainant] pleads factual content that allows the court to draw the reasonable inference that the [accused] is liable for the misconduct alleged." *Id.* Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

## DISCUSSION

Defendant moves for dismissal on the grounds the Complaint is time-barred for Plaintiff's failure to file the matter within Title VII's statutorily prescribed 90-day timeframe. (D.I. 12 at 3).

The administrative prerequisites require a plaintiff to first lodge a complaint with either the EEOC or the equivalent state agency responsible for investigating claims of employment discrimination, which, in Delaware, is the Delaware Department of Labor. *See* 42 U.S.C. § 2000e-5(e). If the EEOC or equivalent state agency determines not to pursue a plaintiff's claims and issues a right-to-sue letter, only then may a plaintiff file suit in court. *See* 42 U.S.C. § 2000e-5(f)(1). "Title VII provides that a complainant has ninety days from receipt of an EEOC right-to-sue letter to file an action in court." *Myrick v Discover Bank*, 662 F. App'x 179, 181 (3d Cir. 2016) (citing 42 U.S.C. § 2000e-5(f)(1); *Seitzinger v. Reading Hosp. & Med. Ctr.*, 165 F.3d 236, 239 (3d Cir. 1999). The failure to file suit within 90 days after the receipt of a notice from the relevant agency renders a plaintiff's action untimely. *See, e.g., Waiters v. Aviles*, 418 F. App'x 68, 71 (3d Cir. 2011).

The Delaware Department of Labor issued and mailed its notice of suit rights on January 31, 2018 and, while seemingly unlikely, Plaintiff alleges that it was received the same day. Presumably Plaintiff received it in early February 2018. Regardless, the instant Complaint was not filed until January 4, 2019, well past the ninety day limit to do so. Accordingly, Defendant's motion to dismiss will be granted. (D.I. 12).

## CONCLUSION

Based upon the above discussion, the Court will: (1) dismiss a moot Plaintiff's request for counsel (D.I. 13);[1] and grant Defendant's motion to dismiss. (D.I. 12).

An appropriate Order will be entered.

---

[1] Plaintiff seeks counsel on the grounds that he is not financially able to afford counsel, he unsuccessfully sought counsel, he has no legal background, and he does not have the ability to pursue an investigation. (D.I. 13). None of his reasons for counsel undercut the fact that the complaint was not timely filed.